UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA

SOUTHWESTERN DIVISION

| CLARENCE VOIGT, | ) | CIV. 1:11-cv-00089-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| ROXANNE MUFFENBIER, | ) | |
| PATRICK A. CONMY, | ) | |
| DANIEL L. HOVLAND, | ) | |
| CHARLES MILLER, | ) | |
| ROBERT ANSLEY, | ) | |
| KAREN K. KLEIN, | ) | |
| RALPH ERICKSON, | ) | |
| TODD E. DUDGEON, | ) | |
| JOHN CHASTAIN, and | ) | |
| BRENT PHIPPS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Clarence Voigt filed an application to proceed *in forma pauperis*. (Docket 1). Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. Subsection (e)(2) of the statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
>     . . .
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief.

Attached to Mr. Voigt's motion is a proposed forty-one page complaint. (Docket 1-1). Mr. Voigt seeks "declaratory, injunctive relief, compensatory relief including punitive damages and attorneys fees and costs, to redress defendants violations of plaintiff's federally protected rights ans [sic] state common law claims." Id. at ¶ 1. The complaint asserts these claims "against defendants in their individual capacity as a federal judicial officer, pursuant to Title 28 U.S.C. 1331, in claims arising from violations of federal Constitutional rights guaranteed in the First, Nineth [sic], Fifth, and Fourteenth Amendments of the Federal Constitution 42 U.S.C. 1983 (under color of law). [sic] and redressable [sic] pursuant to Bivens v. Six unknown federal Narcotics Agents 403 U.S. 338 (1971)." Id. at ¶ 2. The complaint cites numerous sections of the United States Constitution, federal law and North Dakota state law as the basis for plaintiff's claims. Id. *passim*. The complaint acknowledges each of the named defendants is either a federal district judge, federal magistrate judge, employee of the Federal District Court for the District of North Dakota, employee of the United States Department of Justice, or employee of the Administrative Office of the United States Courts. Id. *passim*. Mr. Voigt alleges

2

each of the named individuals was "acting under the color of state law" in their official capacities at the time of the alleged conduct. Id. *passim*.

A *pro se* complaint must be liberally construed. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleading drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal citations and quotation marks omitted).

The court takes judicial notice of Mr. Voigt's series of cases filed in the District of the North Dakota.[1] Despite each case being decided against him, Mr. Voigt did not appeal any of those adverse rulings to the United States Court of Appeals for the Eighth Circuit. Those cases, as well as the current complaint, are an expression of Mr. Voigt's dissatisfaction with the State of North Dakota in handling a worker's compensation claim and his unhappiness with the federal district court's rejection of his *pro se* filings. See also Docket 1-1 *passim*.

The complaint contains thirteen claims summarized as follows:

| | |
|---|---|
| First Claim | Defendants Klein and Erickson deprived Mr. Voigt of his rights under the color of law. 18 U.S.C. § 243; |

---

[1] 1:06-cv-045, 1:06-cv-084, 1:07-cv-007, 1:07-cv-008, 1:07-cv-009, 1:07-cv-010, 1:08-cv-001, and 1:10-cv-035.

| | |
|---|---|
| Second Claim | Defendants Klein and Erickson violated Mr. Voigt's constitutional rights. 42 U.S.C. §§ 1983 & 1985; |
| Third Claim | Defendants Klein and Erickson violated Mr. Voigt's constitutional rights. 42 U.S.C. § 1983-due process; |
| Fourth Claim | Defendants Klein and Erickson violated Mr. Voigt's constitutional rights. 42 U.S.C. § 1983–First Amendment; |
| Fifth Claim | Defendants Klein and Erickson violated Mr. Voigt's constitutional rights. 42 U.S.C. § 14141–pattern and practice; |
| Sixth Claim | Defendants Klein and Erickson conspired against Mr. Voigt's constitutional rights. 18 U.S.C. § 241; |
| Seventh Claim | Defendants Klein and Erickson violated Mr. Voigt's constitutional rights. 42 U.S.C. § 1983–Freedom of Speech; |
| Eighth Claim | Defendants Klein and Erickson violated Mr. Voigt's constitutional rights. 42 U.S.C. § 1986–neglect to prevent; |
| Ninth Claim | Defendants Klein and Erickson violated Mr. Voigt's constitutional rights. 28 U.S.C. § 1443–civil rights; |
| Tenth Claim | Defendants Klein and Erickson violated Mr. Voigt's constitutional rights. 28 U.S.C. § 1443–civil rights; |
| Eleventh Claim | Defendants Klein and Erickson violated Mr. Voigt's federally protected activities; |
| Twelfth Claim | Defendant Ansley violated Mr. Voigt's right under the Fourteenth Amendment; |
| Thirteenth Claim | Defendants Ansley, Dudgeon, Chastain and Phipps violated Mr. Voigt's rights under the Freedom of Information Act. 5 U.S.C. § 552. |

(Docket 1-1, pp. 35-40).

Counts 1 and 6 assert claims for criminal violations of Title 18 of the United States Code. There is no private cause of action arising from the criminal statutes cited by Mr. Voight. See Frison v. Zebro, 339 F.3d 994, 999 (8th Cir. 2003) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation are . . . poor candidates for the imputation of private rights of action. . . .") (internal citation omitted). "Where the text and structure of a statute provide no indication Congress intends to create new individual rights, there is no basis for a private suit, whether under [42 U.S.C.] § 1983 or under an implied right of action." Id. (citing Gonzaga University v. Doe, 536 U.S. 273, 286 (2002)). There is no indication Congress intended to create a private cause of action by enacting 18 U.S.C. §§ 243 or 241. See Gustafson v. City of West Richland, Nos. CV-10-5040-EFS, CV-10-5058-EFS, 2011 WL 5507201 at *4 (E.D. Wash. Nov. 7, 2011) ("[S]ections 241 and 242 do not provide a private cause of action that may be pursued by individuals."). See also Newcomb v. Ingle, 827 F.2d 675, 677 n. 1 (10th Cir. 1987) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private cause of action."); Quadra v. Superior Court of City and County of San Francisco, 378 F. Supp. 605, 609 (N.D. Cal. May 16, 1974) ("[18 U.S.C. § 243] . . . is a criminal provision prohibiting the exclusion of persons from service on federal or state grand or petit juries 'on account of

5

race, color, or previous condition of servitude . . . ' and does not provide the basis for a civil suit"). These counts of the complaint fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(B)(ii).

Counts 2, 3, 4, 7, 8, 9, 10 and 11 allege defendants Erickson and Klein violated Mr. Voigt's rights under the Civil Rights Act, 42 U.S.C. § 1983 *et seq.*[2] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " Parker v. Boyer, 93 F.3d 445, 447-48 (8th Cir. 1996) (citing West v. Atkins, 487 U.S. 42, 49 (1988) (emphasis added).

Federal district judges and magistrate judges do not act under color of state law but rather under authority of federal law. A claim these federal judicial officials allegedly violated Mr. Viogt's constitutional rights is examined as a Bivens claim. Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Judges are entitled to absolute immunity from civil liability for their judicial acts unless they acted "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." Id. at 356.

---

[2]The complaint cites the removal provision for civil rights cases, 28 U.S.C. § 1443, but that statute does not independently create a civil right, separate and apart from 42 U.S.C. § 1983 *et seq.*

United States District Judge Erickson and Magistrate Judge Klein had jurisdiction to consider Mr. Viogt's earlier claims. The fact Mr. Voigt disapproved of their rulings does not invalidate that jurisdiction. If Mr. Voigt wished to challenge Judge Erickson's decisions, he had the statutory right to file an appeal to the Court of Appeals for the Eighth Circuit. See Fed. R. App. P. 4(a)(1). Mr. Voigt chose not to appeal those adverse decisions. Counts 2, 3, 4, 7, 8, 9, 10 and 11 of the complaint fail to state a claim upon which relief may be granted. These counts also seek monetary relief against defendants who are immune from such claims. 28 U.S.C. §§ 1915(e)(B)(ii) and (iii).

Mr. Voigt's fifth claim against Judge Erickson and Judge Klein alleges they engaged in a pattern of conduct in violation of 42 U.S.C. § 14141. That section provides:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 14141(a). The statute vests in the Attorney General of the United States the right to file a civil action for any alleged violation. "Whenever the Attorney General has reasonable cause to believe that a violation of paragraph [a] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to

7

eliminate the pattern or practice." 42 U.S.C. § 14141(b). There is no private right of redress for an alleged violation of 42 U.S.C. § 14141. See Inkel v. Bush, No. 3:04CV69 (JBA), 2004 WL 2381747 at *3 (D. Conn. Oct. 19, 2004) ("42 U.S.C. § 14141 contains no private right of action . . . ."); Rangel v. Reynolds, 607 F. Supp. 2d 911, 929 n. 7 (N.D. Ind. 2009) ("Plaintiffs cite to 42 U.S.C. § 14141 . . . and . . . their arguments are unavailing as neither statute offers Plaintiffs a private right of action under which they may sue Defendants."). This count of the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(B)(ii).

Mr. Voigt's twelfth claim is that defendant Ansley violated the plaintiff's civil rights and constitutional rights under the Fourteenth Amendment. (Docket 1-1, p. 39). That claim is premised on Mr. Ansley's alleged failure to send Mr. Voigt's Federal Tort Claims Act ("FTCA") filing to the Tort Claims Section of the United States Department of Justice. Id. at ¶ 287. Mr. Voigt acknowledges his tort claim was denied at the administrative level. Id. at ¶¶ 197-200. On April 11, 2011, the Administrative Office of the United States Courts advised Mr. Voigt by letter "[t]his will serve as official notification that the Administrative Office of the United States Courts has denied in full your tort claim dated January 14, 2011, for $3,600,000.00, arising from your attempts at litigation in federal court." Id. at ¶ 197. That letter also notified Mr. Voigt of the process for pursuing a FTCA claim in federal district court. Id. at ¶¶ 201 & 202.

8

Despite this notice, Mr. Voigt chose not to file suit against the United States. Id. at ¶ 205. The Federal Tort Claims Act specifically declares: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674 (emphasis added). "Congress passed the Federal Tort Claims Act (FTCA), a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011) (emphasis added). See 28 U.S.C. § 1346(b)(1) ("the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). "[A]n action against the United States is the only remedy for injuries caused by federal government employees acting within the scope of their employment, regardless of whether the conduct in question was discretionary." Heuton v. Anderson, 75 F.3d 357, 359 (8th Cir. 1996) (emphasis added). This court has no subject matter jurisdiction over a FTCA claim where an individual but not

the United States is named as a party-defendant.  See 28 U.S.C. § 2679(b)(1). Count 12 of the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(B)(ii).

Mr. Voigt's thirteenth claim against defendants Ansley, Dudgeon, Chastain and Phipps alleges they violated Mr. Voigt's rights under the Freedom of Information Act, 5 U.S.C. § 552.  The Act does not create a private cause of action against individuals but rather allows suit in federal district court against the agency which failed to comply with the disclosure obligations of the Act. 5 U.S.C. § 552(a)(4)(B).  Count thirteen of the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(B)(ii).

Accordingly, it is hereby

ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2), plaintiff's motion to proceed *in forma pauperis* (Docket 1) is denied.

IT IS FURTHER ORDERED that Mr. Voigt's proposed complaint (Docket 1-1) shall not be filed as it "fails to state a claim on which relief may be granted . . . [and] seeks monetary relief against . . . defendant[s] who [are] immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii).

IT IS FURTHER ORDERED that the case is dismissed.

Dated January 11, 2012.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE